08 CV 3865 COPY
JUDGE CROTTY
RECEIVED APR 24 2008 U.S.D.C. S.D. N.Y. CASHIERS

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686
E-mail: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

                ECF Case

    v.

**COMPLAINT**

JOHN R. LIEGEY, 115-87 OWNERS'
CORPORATION, SLRDC ACQUISITION
CORPORATION, NEW YORK STATE      08 Civ. _____
DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
and JOHN DOES 1-10,

                Defendants.
-----------------------------------------------------------------x

Plaintiff, the United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief for its complaint as follows:

### INTRODUCTION

1.     This is a civil action brought by the plaintiff, the United States of America (the "United States"), on behalf of its agency, the Internal Revenue Service (the "IRS"), to (a) reduce to judgment assessments of certain federal tax liabilities of the defendant John R. Liegey ("Liegey") for unpaid taxes, penalties, and interest provided by law, and (b) enforce and foreclose on tax liens upon real and personal property owned by Liegey, namely 278

shares of stock in 115-87 Owners' Corporation, and the proprietary lease for Apartment 39D located at 115 East 87th Street in New York, New York.

2. This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 7403(a).

4. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(b) and 1396, because Liegey resides within the Southern District of New York, the Apartment is located in the Southern District of New York, and the tax liabilities giving rise to this action accrued while Liegey resided within the Southern District of New York.

5. Defendant John R. Liegey is a natural person, whose last known address is 502 Park Avenue, New York, New York, 10022. Liegey currently owns 278 shares of stock in Defendant 115-87 Owners' Corporation ("115-87 Corporation"). These shares represent an interest in 115-87 Corporation and specifically Apartment 39D, to which Liegey also holds a proprietary lease (all of Liegey's rights, title, and interest in 115-87 Corporation and the apartment to which he holds a lease shall be referred to collectively as the "Apartment"). Upon information and belief, the value of the Apartment is approximately $1,550,500.00.

6. Defendant 115-87 Corporation is a New York corporation with its offices located at 115 East 87th Street, New York, New York 10128. 115-87 Corporation owns the land and residential building located at 115 East 87th Street, New York, New York 10128, in which the Apartment is located. 115-87 Corporation is named as a party because it may have or claim to have an interest in the proceeds of any sale of the Apartment.

2

7. Defendant SLRDC Acquisition Corporation is a New York corporation with offices located at 140 West 57th Street, New York, New York, and is named as a party because it may have an interest in the proceeds of any sale of the Apartment.

8. Defendant New York State Department of Taxation and Finance ("New York Department of Taxation") is a government agency with offices located at 1740 Broadway, New York, New York 10019. New York Department of Taxation is named as a party because it may have or claim to have an interest in the proceeds of any sale of the Apartment.

9. Defendant New York City Department of Finance ("City Department of Finance") is a government agency with offices located at 66 John Street, New York, New York 10038. City Department of Finance is named as a party because it may have or claim to have an interest in the proceeds of any sale of the Apartment.

10. Defendants John Does 1-10 are fictitious persons or entities, unknown to plaintiff, who may have or claim to have an interest in the proceeds of any sale of the Apartment.

**FIRST CLAIM TO RELIEF — REDUCING ASSESSMENTS TO JUDGMENT**

11. The allegations in paragraphs 1 through 10 above are repeated and realleged as though set forth fully herein.

12. On the dates indicated below, a duly authorized delegate of the Secretary of the Treasury made the following assessments against Liegey for deficiencies in the payment of federal income taxes, as follows:

| Tax Period | Date of Assessment | Amount of Assessment[1] |
|---|---|---|
| 1991 | July 27, 1998 | $74,244.89 |

---

[1] The listed amounts are the amounts that will be due and owing as of April 24, 2008 for the tax periods listed. These amounts were calculated based on information available as of April 11, 2008.

| Tax Period | Date of Assessment | Amount of Assessment |
|---|---|---|
| 1994 | October 10, 2000 | $391,401.63 |
| 1995 | July 6, 1998 | $508,800.74 |
| 1996 | February 23, 1998 | $773,762.21 |
| 1997 | January 3, 2000 | $41,029.39 |
| 1998 | April 3, 2000 | $6,161.02 |
| 2002 | July 16, 2007 | $129,104.39 |
| 2003 | May 14, 2007 | $154,560.66 |
| 2004 | April 16, 2007 | $169,577.94 |
| 2005 | April 16, 2007 | $160,871.38 |

13. On or about the dates of assessment set forth in the table in paragraph 12 above, the IRS issued notices of assessment and demands for payment to Liegey. The IRS has made numerous other attempts to collect the foregoing tax liabilities through correspondence and direct contact with Liegey, all of which have been unsuccessful. Liegey has refused to cooperate in the final settlement of his accounts. Accordingly, the IRS has exhausted all administrative remedies in attempting to collect the amounts due.

14. Despite the notices of assessment and demands for payment described in paragraph 12, Liegey failed to pay the assessed sums, and remains liable to the United States for unpaid federal income taxes for the tax periods 1991, 1994, 1995, 1996, 1997, 1998, 2002, 2003, 2004, and 2005 and for statutory interest, as well as additions and penalties, in the total amount of $2,409,514.25 as of April 24, 2008, plus statutory interest and additions that accrue after that date. Statutory interest and additions continue to accrue on this amount according to law.

15. By reason of the assessments described in paragraph 12, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of the assessments in favor of the United States upon all property and rights to property of Liegey.

16. On October 1, 1998, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1991 income taxes,

4

interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $43,711.89.

17. On June 24, 2003, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1994 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $245,330.81.

18. On December 8, 1998, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1995 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $127,223.61. On February 14, 2008, IRS re-filed a Notice of Federal Tax Lien for the deficiencies in payment of the 1995 income tax year in New York County, New York.

19. On February 25, 1998, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1996 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $108,900.85. On February 14, 2008, IRS re-filed a Notice of Federal Tax Liens for the deficiencies in payment of the 1996 income tax year in New York County, New York.

20. On March 28, 2000, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1997 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $22,339.51.

21. On July 20, 2000, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 1998 income taxes,

interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $3,329.15.

22. On November 20, 2007, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 2002 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $121,653.44.

23. On August 24, 2007, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 2003 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $138,717.72

24. On August 24, 2007, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 2004 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $146,617.96.

25. On August 24, 2007, the IRS filed a Notice of Federal Tax Lien against Liegey in New York County, New York, for the deficiencies in payment of the 2005 income taxes, interest and penalties listed in paragraph 12 above. At the time, the unpaid balance subject to this lien was $138,337.54.

26. In addition to the Notices of Federal Tax Lien filed as indicated in paragraphs 16 - 25, the IRS filed Notices of Federal Tax Lien against Liegey in Broward County, Florida for the 1994, 1995, 1996, 1997, and 1998 taxable years, and has re-filed its Notices of Federal Tax Lien in Broward County, Florida, for the 1995 and 1996 taxable years. The IRS filed these Notices of Federal Tax Lien in Broward County, Florida, because for the taxable

years from 1997 to 2003, Liegey filed federal income tax returns, Forms 1040, listing his address as 1400 S.W. 55th Avenue, Plantation, Florida.

27. In addition to the Notices of Federal Tax Lien filed as indicated in paragraphs 16 - 26, the IRs filed Notices of Federal Tax Lien against Liegey in Palm Beach County, Florida for the 1991, 1994, 1995, 1996, 1997, 1998, 2002, 2003, 2004, and 2005 taxable years. The IRS filed these Notices of Federal Tax Lien in Palm Beach County, Florida, because for the taxable year 2004, Liegey filed a federal income tax return, Form 1040, listing his address as 208 Garden Road, Palm Beach, Florida. In addition, for the taxable year 2005, Liegey filed a federal income tax return, Form 1040, listing his address as 980 South Ocean Boulevard, Palm Beach, Florida.

28. Despite the notices of assessments and demands for payment described above, Liegey failed to pay the assessed amounts, and remains liable to the United States for unpaid federal income taxes for the tax periods 1991, 1994, 1995, 1996, 1997, 1998, 2002, 2003, 2004, and 2005, and for statutory interest, as well as additions and penalties, in the total amount of $2,409,514.25 as of April 24, 2008, plus statutory interest and additions accruing after that date according to law.

29. By this action, the United States seeks to reduce the aforementioned tax assessments to judgment.

## SECOND CLAIM TO RELIEF — FORECLOSE

30. The allegations in paragraphs 1 through 29 above are repeated and realleged as though set forth fully herein.

31. The federal tax liens arising in favor of the United States attached to all property or rights to property that Liegey owned as of the dates of the federal tax assessments and thereafter acquired. By this action the United States seeks to foreclose its liens against

property owned by Liegey as of the dates of the federal tax assessments and thereafter acquired, specifically the Apartment.

32. Upon information and belief, Liegey is currently the sole owner of the 278 shares of stock in the Apartment.

33. The federal tax liens against all property and rights to property of Liegey attached to his interest in the Apartment, on the dates the assessments were made, and the liens have remained attached to the Apartment from those dates to the present.

34. The federal tax liens have not been satisfied in part or in full.

35. On or about January 14, 2008, the IRS initiated an administrative collection action by serving a levy against J.P. Morgan Chase Bank, N.A. Subsequently, the IRS has identified and served levies on additional financial institutions and employers. No proceeds have been received on any of these levies as of April 24, 2008.

36. No other action has been commenced at law or otherwise for the recovery of this sum or any part thereof.

WHEREFORE, the plaintiff, the United States of America, demands judgment:

(a) reducing to judgment defendant John R. Liegey's assessed tax liabilities as described in paragraph 12 above, including taxes, penalties, interest, fees, and statutory additions, which as of April 24, 2008, totaled $2,409,514.25 plus interest and statutory additions accruing thereafter, according to law (less any payment made and credited against the foregoing);

(b) declaring that John R. Liegey's interest in the Apartment is subject to valid and existing federal tax liens;

(c) declaring that the defendants, and all other persons whose interest in the Apartment is subordinate to or recorded after the attachment of the Government's lien, be

forever barred and foreclosed from all right, title, claim, lien or other interest in the Apartment;

(d) directing the foreclosure of the IRS tax liens upon the Apartment and sale of the Apartment by the United States Marshal or his representative, pursuant to 28 U.S.C. §§ 2001 and 2004, with the proceeds to be applied to the debt due the United States under the federal tax liens, together with interest to the date of payment, plus costs and disbursements of this action;

(e) in the event of a deficiency in the amount remaining unpaid after the sale of the Apartment, a deficiency judgment adjudging John R. Liegey liable for the amount thereof;

(f) directing that any current occupant of the Apartment vacate it on or before the date of foreclosure upon the lien; and

(g) granting the United States its costs and disbursements, and such further relief as the Court may deem just and proper.

Dated: New York, New York
April 24, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: /s/ Tomoko Onozawa
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686

9