John L. Overland, Jr.
WAGNER DAVIS P.C.
99 Madison Avenue, 11th Floor
New York, New York 10016
Telephone: (212) 481-9600
Facsimile: (212) 481-8245
E-mail: jloverland@wagnerdavis.com
*Attorneys for 115-87 Owners' Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                              Plaintiff,                  **ANSWER**

    v.                                                 08 CIV. 3865 (PAC)

JOHN R. LIEGEY, 115-87 OWNERS'
CORPORATION, SELECT PORTFOLIO
SERVICING, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,
and JOHN DOES 1 – 10,

                              Defendants.
------------------------------------------------------------X

        Defendant 115-87 OWNERS' CORP., sued herein as "115-87 Owners' Corporation" (hereinafter the "Cooperative"), as and for its Answer, responds to the Amended Complaint of the UNITED STATES OF AMERICA dated May 14, 2008 (the "Amended Complaint" and the "Government", respectively) as follows:

        1.    Denies knowledge of information sufficient to admit or deny the allegations contained in paragraph 1 of the Amended Complaint.

        2.    Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Amended Complaint and refers all questions of law to the Court.

3. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Amended Complaint, and refers all questions of law to the Court.

4. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Amended Complaint, and refers all questions of law to the Court.

5. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Amended Complaint, except to the extent the allegations allege that defendant JOHN R. LIEGEY ("Liegey") is a natural person; that Liegey owns 278 shares of stock in the Cooperative; and that Liegey is the holder of the tenant's interest in a proprietary lease to the apartment known as and described as "Apartment 39D" (hereinafter the "Apartment") appurtenant to the 278 shares of stock in the Cooperative owned by Liegey.

6. Denies the allegations contained in paragraph 6 of the Amended Complaint, except to the extent that the allegations allege that the Cooperative is a New York corporation with an office and principal place of business located at 115 East 87th Street, New York, New York, 10128; that the Amended Complaint alleges that the Cooperative has an interest in the proceeds of any sale of Liegey's interests in the Apartment; and avers that the Cooperative is presently the holder of a lease for the premises known and described as 115 East 87th Street, New York, New York 10128.

7. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Amended Complaint.

9. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Amended Complaint.

11. The Cooperative repeats and realleges each and every answer to the allegations contained in paragraphs "1" through "10" of the Amended Complaint as if set forth more fully herein.

12. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Amended Complaint.

14. Denies knowledge or information sufficient o admit or deny the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Amended Complaint, and refers all questions of law to the Court.

16. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Amended Complaint.

28.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Amended Complaint.

29.  Denies knowledge or information sufficient to admit or deny the allegation contained in paragraph 29 of the Amended Complaint, and refers all questions of law to the Court.

30.  The Cooperative repeats and realleges each and every answer to the allegations contained in paragraphs "1" through "10" and in paragraphs "12" through "29" of the Amended Complaint as if more fully set forth herein.

31.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the Amended Complaint, and refers all questions of law to the Court.

32.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 32 of the Amended Complaint, except that the Cooperative avers that Liegey is the holder of 278 shares of stock in the Cooperative.

33.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 of the Amended Complaint, and refers all questions of law to the Court.

34.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 34 of the Amended Complaint.

35.  Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 of the Amended Complaint.

36. Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 36 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The allegations in the Amended Complaint fail to state a claim against the Cooperative for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The liens referred to in the Amended Complaint do not attach to the Cooperative's interest in shares or in the Cooperative's interest in the proprietary lease for the Apartment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39. Any sale, transfer, foreclosure, or disposition of the shares and the proprietary lease for the Apartment are subject to applicable provisions of the By-laws of the Cooperative and the applicable provisions of the proprietary lease for the Apartment.

WHEREFORE, defendant 115-87 Owners's Corp., demands judgment:

(a) declaring that defendant Liegey's interest in the Cooperative is subject to the provisions of the By-laws of the Cooperative and the proprietary lease for the Apartment;

(b) directing that amounts due and owing to the Cooperative by Liegey be satisfied from the proceeds of any foreclosure of the IRS tax liens upon Liegey's interests in the Cooperative, and that any prospective purchaser of the Apartment is subject to the

resale provisions of the Cooperative.

Dated: New York, New York
June 16, 2008

                                        **WAGNER DAVIS P.C.**
                                        *Attorneys for 115-87 Owners' Corp.*

By: _____
      JOHN L. OVERLAND, JR.
      99 Madison Avenue, 11th Floor
      New York, New York 10007
      Telephone: (212) 481-9600
      Facsimile: (212) 481-8245

JLO1198