**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **ECF Case** |
| | : | |
| Plaintiff, | : | **Civil Action No.** |
| | | **CV 08-3865** |
| | : | **(PAC)** |
| v. | : | |
| | : | |
| JOHN R. LIEGEY, 115-87 OWNERS' CORPORATION, | : | **ANSWER TO AMENDED** |
| SELECT PORTFOLIO SERVICING, INC., NEW YORK | | **COMPLAINT** |
| STATE DEPARTMENT OF TAXATION AND | | |
| FINANCE, NEW YORK CITY DEPARTMENT OF | | **JURY TRIAL DEMANDED ON** |
| FINANCE, and JOHN DOES 1-10. | | **ALL ISSUES** |
| | | |
| Defendants. | | |
| | : | |

Defendant, SELECT PORTFOLIO SERVICING, INC. as servicing agent and power of

attorney for U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB

Mortgage Pass-Through Certificates, Series 2004-CF2 ("SPS"), by its attorneys, Eckert Seamans

Cherin & Mellott, LLC, hereby answers Plaintiff's Amended Complaint and asserts Affirmative

Defenses, Counter-Claim and Cross-Claims:

1.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph "1" of the plaintiff's amended complaint.

2.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph "2" of the plaintiff's amended complaint.

3.      With respect to the allegations contained on paragraph "3" of the amended complaint, defendant SPS avers that the allegations constitute legal characterizations regarding jurisdiction to which no response is required.

4.      With respect to the allegations contained on paragraph "4" of the amended complaint, defendant SPS avers that the allegations constitute legal characterizations regarding venue to which no response is required.

5.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the plaintiff's amended complaint.

6.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the plaintiff's amended complaint.

7.      Defendant, SPS, admits the truth of the allegations in paragraph "7" of the plaintiff's amended complaint.

8.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the plaintiff's amended complaint.

9.      Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the plaintiff's amended complaint.

10.     Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the plaintiff's amended complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

11.    Defendant, SPS repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "10" with the same force and effect as though fully set forth herein.

12.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the plaintiff's amended complaint.

13.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the plaintiff's amended complaint.

14.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the plaintiff's amended complaint.

15.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "15" of the plaintiff's amended complaint.

16.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "16" of the plaintiff's amended complaint.

17.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the plaintiff's amended complaint.

18.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the plaintiff's amended complaint.

19.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the plaintiff's amended complaint.

20.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the plaintiff's amended complaint.

21.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the plaintiff's amended complaint.

22.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the plaintiff's amended complaint.

23.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the plaintiff's amended complaint.

24.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the plaintiff's amended complaint.

25.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the plaintiff's amended complaint.

26.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "26" of the plaintiff's amended complaint.

27.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the plaintiff's amended complaint.

28.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the plaintiff's amended complaint.

29.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the plaintiff's amended complaint and leaves all questions of law for this Court.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

30.    Defendant, SPS repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "29" with the same force and effect as though fully set forth herein.

31.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the plaintiff's amended complaint and leaves all questions of law for this Court.

32.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the plaintiff's amended complaint.

33.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the plaintiff's amended complaint and leaves all questions of law for this Court.

34.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the plaintiff's amended complaint.

35.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the plaintiff's amended complaint.

36.    Defendant, SPS, denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the plaintiff's amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.    Plaintiff has failed to state a claim against SPS upon which relief can be granted in each of the causes of action in the amended complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.    The answering defendant adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to the answering defendant, and reserves the right to assert any other defense that may become available or appear during the discovery proceedings or otherwise.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred, in whole or in part, because any claims or damages asserted by plaintiff are the result of acts or omissions of third-parties or events over whom or which the answering defendant shares no control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred in whole or in part by the doctrine of release, ratification, waiver and estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41.    That the claims set forth by plaintiff are barred by the application of the statute of limitations applicable to each and every claim asserted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42.     That plaintiff's claims are barred because SPS' security interest and lien have priority over the plaintiff's federal liens based upon SPS' proper and enforceable security interest and lien which were recorded on or about August 25, 1987, and which preceded the filing of the first federal lien on or about February 25, 1998, and all subsequent liens.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43.     That plaintiff's claims are barred based the priority of SPS' security interest and lien pursuant to applicable law including, but not limited to, 26 U.S.C. 6323, Treas. Reg. 301.6323(a)-1(a) and Treas. Reg. 301.6323(h)-1(a).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

44.     That the answering defendant is the holder of a perfected first priority security interest in and lien upon the subject property which includes *inter alia* any related stock and real estate.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45.     Plaintiff is barred from maintaining this action because she has failed to join and/or serve indispensable parties who are required to be joined pursuant to Rule 19 of the Federal Rules and Civil Procedure.

**AS AND FOR A COUNTER CLAIM AGAINST PLAINTIFF
AND AS AND FOR CROSS-CLAIMS AGAINST ALL
CO-DEFENDANTS EXCEPT FOR CO-DEFENDANT JOHN R. LIEGEY**

46.     That if plaintiff's request for relief is granted, SPS has a perfected first priority security interest in and lien upon the subject property including, but not limited to, tax liens asserted by federal and/or state authorities and that no other party to this action is to be paid prior to the satisfaction of the answering defendant's lien on the subject property nor should any other party's interest in the subject property be determined to take priority over SPS' security interest and lien in the subject property.

**AS AND FOR CROSS-CLAIM AGAINST CO-DEFENDANT JOHN R. LIEGEY**

47.     That John R. Liegey is in default of the underlying note and mortgage regarding the subject property such that SPS' interest in the subject property takes priority over any and all of John R. Liegey's rights, title and/or interest in the subject property including, but not limited to, the right to sole and exclusive dominion, possession and control of the subject property.

**WHEREFORE,** defendant, SELECT PORTFOLIO SERVICING, INC., as servicing agent and power of attorney for U.S. Bank National Association, as trustee, respectfully requests the following relief:

A.     Directing that all amounts due and owing to defendant SPS be satisfied as the first priority interest from the proceeds of any foreclosure of the IRS tax liens upon Liegey's interests in the subject property;

{V0009008.1}                                            8

B.     Determining that SPS' security interest and lien in the subject property is a first priority

perfected security interest over the plaintiff's liens and the liens of all other parties;

C.     Awarding defendant its costs, disbursements and attorneys' fees; and

D.     Granting such other and further relief as the Court deems just and proper.


Dated:  White Plains, New York
        June 27, 2008

_____
Geraldine A. Cheverko [GAC 1747]
ECKERT SEAMANS CHERIN & MELLOTT, LLC
*Attorneys for SELECT PORTFOLIO SERVICING, INC.*
10 Bank Street, Suite 1061
White Plains, New York  10606
(914) 949-2909


*Of Counsel:*
Dorothy A. Davis
ECKERT SEAMANS CHERIN & MELLOTT, LLC
44th Floor U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219
(412) 566-6000


{V0009008.1}                                9